UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24506-CIV-DIMITROULEAS

CITY OF MIAMI, a Florida municipal
corporation,

    Plaintiff,

vs.

BANK OF AMERICA CORPORATION;
BANK OF AMERICA, N.A.;
COUNTRYWIDE FINANCIAL
CORPORATION; COUNTRYWIDE
HOME LOANS; and COUNTRYWIDE
BANK, FSB,

    Defendants.
_____/

## **FINAL ORDER OF DISMISSAL**

    THIS CAUSE is before the Court *sua sponte*, upon a review of the record.

    On December 13, 2013, Plaintiff City of Miami filed this suit pursuant to the Fair Housing Act of 1968 ("FHA"), as amended, 42 U.S.C. § 3601, *et seq.*, to seek redress for injuries allegedly caused by Defendants' pattern or practice of illegal and discriminatory mortgage lending.  [DE 1].  Specifically, Plaintiff sought injunctive relief and damages for financial injuries due to foreclosures on Defendants' loans in minority neighborhoods and to minority borrowers that were the result of Defendants' discriminatory lending practices.  Plaintiff sought damages based on reduced property tax revenues based on: (a) the decreased value of the vacant properties themselves; and (b) the decreased value of properties surrounding the vacant properties.  Plaintiff also sought damages based on the expenditures of municipal services that have been and will be required to remedy the blight and unsafe and dangerous conditions which

1

exist at vacant properties that were foreclosed as a result of Defendants' illegal lending practices. Plaintiff's Complaint contained two claims: Count I: Violations of the Federal Fair Housing Act, and Count II: Unjust Enrichment.

After extensive briefing and oral argument, the Court entered an Order Granting Motion to Dismiss on July 8, 2014. Therein, the Court dismissed Count I, violation of the FHA, with prejudice. The Court held, pursuant to its application of *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387 (2014) and *Nasser v. City of Homewood,* 671 F. 2d 432 (11th Cir. 1982), that Plaintiff lacked standing to bring this action under the FHA. The Court dismissed Count II, unjust enrichment, without prejudice and with leave to amend on or before July 21, 2014 in accordance with the Court's dismissal Order.

Plaintiff did not file an amended complaint as to its unjust enrichment claim in accordance with the Court's dismissal of that claim. Instead, Plaintiff moved for reconsideration of the July 8, 2014 Order Granting Motion to Dismiss. On September 8, 2014, following briefing of the reconsideration motion, the Court entered an Order Denying Motion for Reconsideration.

Regarding Plaintiff's unjust enrichment claim, the Court stated in its September 8, 2014 Order, that "the Court has already granted Plaintiff permission to file an amended complaint as to its unjust enrichment claim. If Plaintiff chooses to file such an amended complaint, the Court will extend the deadline to do so until September 15, 2014. Any arguments Defendants have raised in the instant briefing regarding the sufficiency of the unjust enrichment claim set forth in Plaintiff's proposed amended complaint may be reasserted in response to the amended complaint, if one is timely filed." The September 15, 2014 deadline has passed, and no amended complaint as to Plaintiff's unjust enrichment claim has been filed.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Count II for unjust enrichment, having been abandoned by Plaintiff by its failure to timely amend that claim in accordance with the Court's Orders, is **DISMISSED WITH PREJUDICE**;

2. Both Counts of this action now having been separately dismissed with prejudice, the Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 16th day of September, 2014.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record